Not for Publication

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

---------------------------------
IN RE:                                    )    CASE NO.        11-32961
                                          )
  ALICIA ROGERS,                          )    CHAPTER         13
                                          )
       DEBTOR.                           )
---------------------------------
EASTERN SAVINGS BANK, FSB,                )    ECF NOS.        24, 38, 43, 52
                                          )
       MOVANT                            )
  vs.                                     )
                                          )
ALICIA ROGERS and MOLLY T.                )
WHITON, TRUSTEE,                          )
                                          )
       RESPONDENTS.                      )
---------------------------------

### **APPEARANCES**

| | |
|---|---|
| George C. Tzepos, Esq.<br>Law Offices of George C. Tzepos<br>444 Middlebury Road<br>Middlebury, CT 06762 | Counsel for the Chapter 13 Debtor |
| Robert J. Piscitelli, Esq.<br>Law Offices of Robert M. Meyers LLC<br>56 East Main Street, Suite 1<br>P.O. Box 805<br>Avon, CT 06001-0805 | Counsel for Objector Eastern Savings Bank, FSB |
| Molly T. Whiton, Esq.<br>10 Columbus Boulevard<br>Hartford, CT 06106 | Chapter 13 Trustee |

## BRIEF MEMORANDUM AND ORDER
## DENYING SECTION 506 MOTION AND DENYING PLAN CONFIRMATION

Lorraine Murphy Weil, Chief United States Bankruptcy Judge

**WHEREAS,** this court has jurisdiction over the above-referenced contested matters as core proceedings pursuant to 28 U.S.C. §§ 157 and 1334 and that certain Order dated September 21, 1984 of the District Court for this District (Daly, C.J.).[1]  This memorandum constitutes the findings of fact and conclusions of law mandated by Rule 52 of the Federal Rules of Civil Procedure (made applicable here by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure);

**WHEREAS,** on December 9, 2010, the above-referenced debtor (the "Debtor") commenced Chapter 7 Case # 10-33638 (the "Prior Case").  On November 16, 2011, the Debtor received a chapter 7 discharge (the "Discharge") in the Prior Case.  The Prior Case was closed on January 31, 2012;

**WHEREAS,** on November 28, 2011, the Debtor commenced this case ("This Case") under Chapter 13 of the United States Bankruptcy Code;

**WHEREAS**, on November 29, 2011, there issued a "Court's Motion to Confirm that Discharge not enter due to previous discharge pursuant to [Bankruptcy Code] § 1328(f)(1) . . . ," (This Case ECF No. 9).[2]  An order directing "no discharge" was issued by this court on April 26, 2012.  (*See* This Case ECF No. 55.);

**WHEREAS,** on December 6, 2011, the Debtor filed her Chapter 13 Plan (This Case ECF No. 17, the "Proposed Plan");

---

[1]    That order referred to the "Bankruptcy Judges for this District *inter alia*" all proceeding arising under Title 11, U.S.C., or arising in . . . a case under Title 11, U.S.C. . . . ."

[2]    References herein to the docket of This Case appear in the following form: "This Case ECF No. __."

**WHEREAS,** on March 2, 2012, the Debtor filed a Motion To Determine Status of Claim (This Case ECF No. 43, the "Section 506 Motion"). The Section 506 Motion was directed at a "First mortgage [the "Mortgage"] in favor of EASTERN SAVINGS BANK ["ESB"]" with respect to the "premises" (the "Premises") referred to in the Section 506 Motion. The Section 506 Motion took the position that the Premises were worth less than the amount of the Mortgage (plus the senior Water and Sewer Liens described in the Section 506 Motion).[3] The Section 506 Motion proposed to bifurcate the claim secured by the Mortgage into a secured claim equal to the value of the Premises (net of the senior Water and Sewer Liens) and an "unsecured" claim for the Mortgage deficiency;

**WHEREAS,** the Proposed Plan does not directly refer to the Discharge, but a reference therein to only $202 in unsecured claims contemplates that no distribution will be made to ESB with respect to its "unsecured" deficiency claim, thus impliedly referring to the effect of the Discharge upon that claim;[4]

**WHEREAS,** on March 16, 2012, ESB filed an objection (This Case ECF No. 52, the "Section 506 Objection") to the Section 506 Motion. The Section 506 Objection alleged, *inter alia,* that the Section 506 Motion should be denied on the authority of *In re Sadowski,* No. 10-21894, 2011 WL 4572005 (Bankr. D. Conn. Sept. 30, 2011) (Dabrowski, J.) (appeal pending). At the April 26, 2012 hearing (the "Hearing") on the referenced motion and objection, counsel for the Debtor acknowledged that if this court followed *Sadowski,* the Section 506 Motion must be denied, the Section 506 Objection must be sustained and the Proposed Plan could not be confirmed. (*See* 4/26/2012 Oral Record at 11:53:29 *et seq.* (remarks of Attorney Tzepos).);

---

[3]    It is uncontested that the foregoing is true.

[4]    Therefore, as explained in *Sadowski, infra*, neither of the events contemplated in Section 1325(a)(5)(B)(i)(I) of the Bankruptcy Code can occur (*i.e.*, no payments to ESB and no chapter 13 discharge).

**WHEREAS,** the Proposed Plan and ESB's objection thereto (This Case ECF No. 38, the "ESB Confirmation Objection") also came on for a hearing at the Hearing. (*See also* This Case ECF No. 24 ("Trustee's Motion To Confirm or Dismiss.");

**WHEREAS,** the court has reviewed *In re Sadowski, supra,* and other relevant authority and the record of this case and has determined that this court agrees with and adopts the rationale of *Sadowski* in relevant part. Accordingly, this court holds that

> the Debtor[] in this Chapter 20 case, while not precluded from filing a Chapter 13 petition and plan after receiving a Chapter 7 discharge [even if not eligible for a Chapter 13 discharge in this case], may not avoid an undersecured . . . lien in doing so.

*Sadowski, supra* at *7. Moreover, since it is undisputed that ESB does not agree to its treatment under the Proposed Plan, the plan cannot be confirmed. *See Sadowski, supra*; 11 U.S.C. § 1325(a)(5)(B)(i)(I);

**NOW, THEREFORE,** for the reasons set forth above, it hereby is **ORDERED** that (a) the Section 506 Motion (This Case ECF No. 43) is denied, (b) the Section 506 Objection (This Case ECF No. 52) is sustained, (c) action is taken on the Trustee's Motion To Confirm or Dismiss (This Case ECF No. 24) to the extent that confirmation of the Proposed Plan (This Case ECF No. 17) is denied, (d) further action is taken with respect to the Trustee's Motion To Confirm or Dismiss (This Case ECF No. 24) to the extent that the request for alternative relief (*i.e.,* dismissal) is marked off with right of reclaim and (e) the ESB Confirmation Objection (This Case ECF No. 38) is sustained.

Dated: April 30, 2012                                           BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
Chief United States Bankruptcy Judge